IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRECTV, INC., a California          No.  CIV.S-03-2446 DFL DAD
corporation,

       Plaintiff,

  v.                                  FINDINGS AND RECOMMENDATIONS

ROBERT WAIDTLOW, et al.,

       Defendants.
_____/

     This matter came before the court on September 16, 2005, for hearing on plaintiff's motion for default judgment against defendant Judy Kim and defendant Kim's cross-motion to set aside the entry of default against her.  Kelli N. Osaki appeared on behalf of plaintiff.  Defendant Kim, proceeding pro se, appeared on her own behalf.  Having considered all written materials submitted with respect to the motions, and after hearing oral argument, for the reasons set forth below the undersigned recommends that defendant's motion to set aside entry of default be granted and plaintiff's motion for default judgment be denied as moot.

1

1

## PROCEDURAL BACKGROUND

2          On November 25, 2003, plaintiff DirecTV, Inc. initiated

3 this action by filing a complaint for damages and injunctive relief

4 pursuant to various federal statutes prohibiting the interception of

5 satellite communications.   The complaint names four individual

6 defendants and alleges federal causes of action under 47 U.S.C. §§

7 605(a) and 605(e)(4) (unauthorized publication or use of

8 communications); 18 U.S.C. § 2511(1)(a) (unauthorized interception

9 and disclosure of wire, oral, or electronic communications); and 18

10 U.S.C. § 2512(1)(b) (unauthorized manufacture, distribution,

11 possession, and advertising of wire, oral, or electronic

12 communication intercepting devices).   The complaint also alleges a

13 state law claim for conversion.   According to the complaint,

14 defendant Kim's liability to plaintiff stems from her alleged

15 purchase and use of "a Pirate Access Device, consisting of a printed

16 circuit board device called an 'Atomic Multi-Purpose,' from [an

17 entity known as] DSS Pro."[1]   (Compl. ¶ 11(a).)

18

19 ───────────────────

20          [1]  Plaintiff is a company in the business of distributing
television broadcasts throughout the United States.   According to the
complaint, plaintiff has developed a satellite system capable of
21 transmitting digitized video and audio signals to homes and
businesses nationwide to be used for entertainment purposes.   In
22 addition to other hardware, such as a satellite dish and receiver,
each DirecTV customer is required to have a removable access card
23 that manages the receipt of satellite signals and the opening and
closing of television channels offered by DirecTV.   DirecTV scrambles
24 its signals using encryption technology to prevent their unauthorized
reception.   According to the complaint, each named defendant
25 purchased and used an illegally programmed access card and/or a
device designed to permit viewing of DirecTV's programming without
26 authorization by or payment to DirecTV.

1    Despite being served with process, defendant Kim failed to

2  appear in this action.  On July 27, 2004, the Clerk of the Court

3  entered default against defendant Kim pursuant to plaintiff's

4  request.  On July 8, 2005, plaintiff filed its motion for default

5  judgment.  Defendant Kim did not respond to plaintiff's motion in

6  writing but appeared at the August 19, 2005, hearing on the motion.

7  Defendant Kim requested additional time to oppose the motion as well

8  as to move to set aside the entry of default against her.  The court

9  granted defendant Kim's requests and set both motions for further

10  hearing on September 16, 2005.

11                          **LEGAL STANDARD**

12    Federal Rule of Civil Procedure 55(c) governs the setting

13  aside of an entry of default and states, in relevant part: "For good

14  cause shown the court may set aside an entry of default ...."  The

15  Ninth Circuit has indicated that a district court's discretion is

16  "especially broad where ... it is entry of default that is being set

17  aside, rather than a default judgment."  Mendoza v. Wight Vineyard

18  Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)(citation omitted).  See also

19  Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  "A

20  decision on a motion to set aside a default is not an abuse of

21  discretion unless the court is 'clearly wrong' in its determination

22  of good cause."  Mendoza, 783 F.2d at 945 (citation omitted).  "Where

23  timely relief is sought from a default ... and the movant has a

24  meritorious defense, doubt, if any, should be resolved in favor of

25  the motion to set aside the default so that cases may be decided on

26  their merits."  Id. at 945-46 (internal quotations, citations and

                                  3

1 brackets omitted).  <u>See also</u> <u>O'Connor v. State of Nevada</u>, 27 F.3d

2 357, 364 (9th Cir. 1994).

3 **<u>ANALYSIS</u>**

4          As discussed on the record at the hearing on the parties'

5 motions, while defendant Kim's motion to set aside the default

6 against her may not be prompt, the undersigned finds that it is

7 timely.  In this regard, the court notes that defendant Kim is

8 proceeding pro se in this matter.  Additional confusion, from

9 defendant's perspective, has resulted from defendant Kim

10 communicating and negotiating with counsel for plaintiff regarding

11 the possible settlement of this matter.[2]  It also is noteworthy that

12 plaintiff has not demonstrated an intention to litigate this case in

13 a particularly speedy fashion, having waited nearly one year after

14 the Clerk's entry of default to move for entry of default judgment.

15 For these reasons, the undersigned finds that defendant has sought

16 timely relief from the default entered against her.

17          Defendant Kim has also asserted a potentially meritorious

18 defense to plaintiff's action.  Specifically, defendant Kim asserts

19 that she neither purchased nor used any pirate access device.  She

20 has submitted a sworn affidavit in this regard as has her son.

21 Plaintiff has yet to offer any evidence to the contrary.  Moreover,

22 as observed by the court at the hearing, the case law developing in

23 this area has at least called into question the validity of two of

24 the four federal claims alleged in plaintiff's complaint.

25 _____

26          [2]  The court recognizes that the parties dispute the content of
those communications.

Specifically, there is considerable authority supporting the

proposition that no private right of action exists pursuant to 18

U.S.C. § 2512(1)(b).  See DirecTV, Inc. v. Treworgy, 373 F.3d 1124,

1129 (11th Cir. 2004)("Congress did not create a private right of

action against persons in possession of access devices in violation

of section 2512(1)(b)."); DirecTV, Inc. v. Huynh, 318 F. Supp. 2d

1122, 1129 (M.D. Ala. 2004); DirecTV, Inc. v. Amato, 269 F. Supp. 2d

688 (E.D. Va. 2003).  One district court has found that there is no

private right of action under 18 U.S.C. § 2511(1)(a) as well.  See

DirecTV v. Decroce, 332 F. Supp. 2d 715, 720 (D. N.J. 2004)("Congress

did not intend to create a private right of action for a violation of

Section 2511(1)(a) based on the unauthorized interception of

satellite televison programming.")  For these reasons, the court

finds that defendant Kim has asserted a meritorious defense at this

stage of the proceedings.

        Finally, defendant having requested permission to file an

answer and proceed with her defense of this action, the court does

not recommend conditioning the setting aside of the default in any

other respects.  More specifically, the court recommends that the

district court deny plaintiff's request that the setting aside of

default be conditioned upon defendant Kim paying $1,937.50 for

plaintiff's expenses incurred in pursuing the motion for default

judgment.  Plaintiff has not shown that reopening this litigation

would result in the requisite prejudice justifying an order requiring

this pro se defendant to pay plaintiff's expenses under the

circumstances presented here.  See Nilsson, Robbins, Dalgarn,

1  Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546

2  (9th Cir. 1988)(recognizing that in appropriate circumstances any

3  prejudice suffered by the non-defaulting party as a result of the

4  default and the subsequent reopening of the litigation can be

5  addressed by conditioning the setting aside of the default).

6                            **CONCLUSION**

7         Accordingly, the court HEREBY RECOMMENDS that:

8         1.  Defendant Kim's motion to set aside the entry of

9  default against her be granted;

10        2.  Plaintiff's motion for entry of default judgment be

11 denied as moot; and

12        3.  Defendant Kim be directed to file her answer within

13 twenty (20) days of the date of any order adopting these findings and

14 recommendation.

15        These findings and recommendations are submitted to the

16 United States District Judge assigned to the case pursuant to the

17 provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

18 being served with these findings and recommendations, any party may

19 file written objections with the court and serve a copy on all

20 parties.  Such a document should be captioned "Objections to Findings

21 and Recommendations."  The parties are advised that failure to file

22 objections within the specified time may waive the right to appeal

23 /////

24 /////

25 /////

26 /////

1  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

2  Cir. 1991).

3  DATED: October 4, 2005.

4

5  DALE A. DRO*ZD
   UNITED STATES MAGISTRATE JUDGE

6

7  DAD:th
   Ddad1\orders.civil\directv2446.default.entry.f&r

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26